**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**CHARLIE BURKE,
JENNY HANSSON,
d/b/a CHERRY PEPPERS,**

    **Plaintiffs,**

vs.                                                                   Case No. 5:03cv182-MCR/WCS

**CHARLES E. COOKE,
and G. EDWARD COOKE,**

    **Defendants.**

_____/

## SIXTH REPORT AND RECOMMENDATION

On March 17, 2005, the *pro se* Plaintiffs were ordered to file a more definite statement in support of each of their six state law tort claims. Doc. 77. In doing so, Plaintiffs were advised as to why their previously filed statement, doc. 63, was insufficient.[1] Plaintiffs were explicitly directed to provide an organized statement of the facts which support each of their claims. Doc. 77. The order further explained to Plaintiffs that the more definite statement must "provide headings for each of the tort

---

[1] As noted in the Fifth Report and Recommendation, doc. 52, Plaintiffs jointly raise six tort claims for breach of fiduciary duty, negligence, gross negligence, tortious interference, wrongful dishonor, and tortious infliction of emotional distress. Plaintiff Hansson has a separate claim for breach of contract.

claims they bring in this case and, below each heading, Plaintiffs shall provide factual allegations to support each claim." *Id.*, at 4. That was a straight-forward and simple direction. Plaintiffs have not fully complied with that order, and their more definite statement, doc. 82, is insufficient to provide the factual basis for the claims Plaintiffs attempt to allege.

There is no need for additional argument from Defendants on these tort claims, considering the clear direction given to Plaintiffs. This was the second opportunity to submit a proper more definite statement. *See* docs 52, 62, 77, and 78. This report and recommendation is entered *sua sponte* concerning Plaintiffs' more definite statement of the state law tort claims.

**Breach of Fiduciary Duty**

>Plaintiffs state:
>
>Elements of are, [sic] the existence of a fiduciary relationship. A breach fo duty own by the fiduciary to the plaintiffs. Harm to the plaintiffs. The actions of the defendants listed below show that defendants have breached both contractual and fiduciary duties.

Doc. 82, p. 2. This is inadequate. Plaintiffs were not directed to provide the legal elements of the cause of action. Plaintiffs were ordered to state the *facts* which support their claim. Plaintiffs did not present any factual statements under this heading. Thus, Plaintiffs have failed to allege how any Defendant occupied a fiduciary relationship to the Plaintiffs; what duty was owed to the Plaintiffs as a result of, or through the terms of, such a relationship; how that duty was breached; when the duty was breached; and the harm suffered by Plaintiffs as a result of the breach. This claim is insufficient on its face and cannot succeed. This claim should be dismissed.

A fiduciary relationship must be more than a simple contractual relationship.  A fiduciary relationship is "based on trust and confidence between the parties where 'confidence is reposed by one party and a trust accepted by the other, . . . . ' "  *See* Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp., 850 So.2d 536, 540 (Fla. 5th DCA 2003), *citing* Doe v. Evans, 814 So.2d 370, 374 (Fla. 2002); *see also* Maxwell v. First United Bank, 782 So.2d 931, 933 (Fla. 4th DCA 2001).  "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party."  Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So.2d 1063, 1065 (Fla. 3d DCA 1993), review denied, 634 So.2d 629 (Fla. 1994), *quoted in* Taylor Woodrow Homes Florida, Inc., 850 So.2d at 540-41.

Plaintiffs allege no facts to show that they are or were dependent on Defendants for advice, counsel, or protection, or that Defendants undertook such a responsibility.  Watkins v. NCNB Nat. Bank of Florida, N.A., 622 So.2d 1063, 1065 (Fla. 3rd DCA 1993), *citing* Bankest Imports, Inc. v. Isca Corp., 717 F.Supp. 1537, 1541 (S.D. Fla.1989).  Plaintiffs have only alleged that they engaged in a business relationship with Defendants as equals.  The claim for breach of a fiduciary duty should be dismissed.

**Negligence, Gross Negligence**

Plaintiffs attempted to combine their second and third claims into this one heading.  That does not comply with the court order.  These are two separate claims and require separate factual allegations.

Moreover, Plaintiffs' allegedly more definite statement under this heading provides only the following:

> The elements of negligence are a duty the defendant owes the plaintiff, a breach of that duty, a causal connection between the breach and the plaintiff's injury, and actual injury. Defendants actions listed below show negligence, and the continued actions of defendants constitute Gross Negligence.

Doc. 82, p. 3. Again, Plaintiffs fail to provide the factual allegations in support of these claims.

Gross negligence and ordinary negligence are separate claims with different standards. Gross negligence is shown "by facts evincing a reckless disregard of human life or rights which is equivalent to an intentional act or a conscious indifference to the consequences of an act." John Hancock-Gannon Joint Venture II v. McNully, 800 So.2d 294, 297 (Fla. 3d DCA 2001), *citing* Rupp v. Bryant, 417 So.2d 658, 670 (Fla. 1982). Gross negligence must be a "a conscious and voluntary act or omission which is likely to result in grave injury when in the face of a clear and present danger of which the alleged tortfeasor is aware. . . ." Weller v. Reitz, 419 So.2d 739, 741 (Fla. 5th DCA 1982), *quoting* Glaab v. Caudill, 236 So.2d 180 (Fla. 2d DCA 1970). Florida law requires circumstances which constitute "imminent or clear and present danger," a standard rising above "normal peril." Fla. Jur. 2d, Negligence § 5.

Plaintiffs have not alleged danger above normal peril. Plaintiffs only alleged that Defendants continued their actions. This is insufficient to state a claim for gross negligence. The claim for gross negligence should be dismissed.

As acknowledged by Plaintiffs in their more definite statement, doc. 82, there are four elements of a negligence claim: (1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of the injury. Paterson v. Deeb, 472 So.2d 1210,

1214 (Fla. 1st DCA 1985), cited in <u>Meyers v. City of Jacksonville</u>, 754 So.2d 198, 202 (Fla. 1st DCA 2000).  Plaintiffs have not alleged the duty owed to them by Defendants. They have not stated how or when the unidentified duty was allegedly breached, and they have not alleged facts showing a causal connection between the breach and injury suffered by Plaintiffs.  The ordinary negligence claims should also be dismissed.

**Tortious Interference with a Business Relationship**

Plaintiffs have alleged several facts in support of this fourth claim.  They allege that Defendants intentionally interfered with their business and did not enforce "contracts with tenants competing for business with Cherry Peppers."  Doc. 82, p. 3. Plaintiff assert that Defendants did not maintain pest control on the premises, did not maintain a common tenant sign, allowed a dumpster to be placed near the front of the building, and did not require another tenant restaurant in the building to comply with terms of that tenant's lease.  *Id.*, at 3.  Plaintiffs also suggest that Defendants allowed the other restaurant, Cattle Company, to operate even though it was a year behind in rent payments in the hopes "that Cattle Company would run Cherry Peppers out of Business."  *Id.*, at 4.  Plaintiffs contend that, at the least, Defendants gave Cattle Company restaurant preferential treatment.  *Id.*

The elements of tortious interference with a business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."  <u>Tamiami Trail Tours, Inc. v. Cotton</u>, 463 So.2d 1126, 1127 (Fla. 1985); *see also* Restatement

(Second) of Torts § 766 (1979), *quoted in* Ellis Rubin, P.A. v. Alarcon, 892 So.2d 501, 503 (Fla. 3d DCA 2004), *reh'g denied* (Feb. 23, 2005).[2]

> In Florida, a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers but *no cause of action exists for tortious interference with a business's relationship to the community at large.* Southern Alliance Corp. v. Winter Haven, 505 So.2d 489, 496 (Fla. 2d DCA 1987). *As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.*

Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 815 (Fla. 1995) (emphasis added), *answer to certified question conformed to* 47 F.3d 1099 (11th Cir. 1995).

Plaintiffs here do not identify any particular business relationship with which Defendants interfered. Plaintiffs merely assert that Defendants interfered with Plaintiffs opportunity effectively to operate their business. This is not sufficient. There is no claim as to "interference with a business's relationship to the community at large." 647 So.2d at 815.

Plaintiffs also allege that Defendants failed to maintain the premises and were helping another restaurant by selectively enforcing terms of a contract between Defendants and that restaurant. This does not establish the necessary interference between Plaintiffs' business and a particular relationship with a third party. Plaintiffs do not identify any third party with whom they had an "actual and identifiable understanding

---

[2] "Under Florida law, a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with." Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), *cert. denied*, 452 U.S. 955 (1981), *relied on in* Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla. 3d DCA 1986). Thus, Plaintiffs have no claim that Defendants interfered with their business relationship with Plaintiffs.

or agreement which in all probability would have been completed if the defendant had not interfered." *Id.*  Thus, as a matter of law this claim should be dismissed.

**Wrongful Dishonor**

Plaintiffs allege that during January and February, 2002, Defendants "had rent checks in there [sic] possession and had cashed February rent check before sending letter threatening eviction . . . ." Doc. 82, p. 4.  Plaintiffs suggest this was done to intimidate Plaintiffs in conjunction with a March, 2004, state court case involving Plaintiffs and Defendants. *Id.*, at 4.  Plaintiffs state that they "assert the charge of Wrongful Dishonor because Defendant Cook and Grace failed to honor said instruments." *Id.*  It is apparent from this that the "rent checks" in question were written by Plaintiffs, payable to Defendants, to pay for Plaintiffs' monthly rent.

A negotiable instrument is dishonored, generally speaking, when payment on the instrument is not received according to the terms of the instrument.  *See* FLA. STAT. § 673.5021.  Plaintiffs allege that they gave Defendants checks for rent and state that Defendants *cashed* the rent checks.  There is no allegation that Defendants did not receive payment on the checks after they were negotiated.  This is insufficient to state a claim.

**Tortious Infliction of Emotional Distress**

To state a claim for the intentional infliction of emotional distress under Florida law, a plaintiff must allege four elements:  (1) the Defendant's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. <u>Williams v. Worldwide Flight SVCS., Inc.</u>, 877 So.2d 869, 870 (Fla. 3d DCA 2004), *citing* <u>De La Campa v. Grifols America, Inc.</u>,

819 So.2d 940, 943 (Fla. 3d DCA 2002).  As for the first two elements, the wrongdoer must have "intended his behavior when he knew or should have known that emotional distress would likely result" and the conduct must "go beyond all bounds of decency, and [] be regarded as odious and utterly intolerable in a civilized community." LeGrande v. Emmanuel, 889 So.2d 991,994 (Fla. 3d DCA 2004), *quoting* Clemente v. Horne, 707 So.2d 865, 866 (Fla. 3d DCA 1998).  When reciting the facts supporting this cause of action to the average person, it has been described as providing such an unbelievable scenario that the listener exclaims, "Outrageous!" LeGrande, 889 So.2d at 995, *quoting* RESTATEMENT (SECOND) OF TORTS, § 46 cmt. d (1965).

Plaintiffs' allegations of fact fall far short of this standard.  Plaintiffs state just one sentence to support this claim:

> Plaintiffs see the issue of tortious infliction of emotional distress as a matter of *Res Ipsa Loquitur* and all of the following actions have caused great emotional distress by way of defendants actions to harm plaintiffs business.

Doc. 82, p. 5.  Plaintiffs have not alleged any facts showing willful, intentional, or reckless conduct by the Defendants, and Plaintiffs have not alleged any facts that would even remotely prompt an "Outrageous" exclamation.  This claim should also be dismissed for failure to state a claim.

**Tort Claims**

In summation, Plaintiffs have not presented any facts which support any of their alleged tort claims.  In reaching this conclusion, and assuming that this report and recommendation is adopted by District Judge Rodgers, it is noted that this case will proceed only on the contract claims.  As previously decided, those claims may only be

brought by Plaintiff Jenny Hansson. *See* docs. 52, 62. Accordingly, it is further recommended that the complaint by Plaintiff Burke be dismissed.

**Contract Claims**

Plaintiff Hansson was also ordered to "provide brief statements of fact showing how Defendants allegedly breached the contract." *Id.* It is presumed that the statements of facts listed in the "overview" section of the more definite statement are intended to present the supporting statement of facts. Although still not in complete compliance with the prior order, the statements can generally by inferred to present allegations of problems that presumably should have been corrected or repaired pursuant to the lease agreement. Because these claims can only be brought by Plaintiff Hansson, she should be directed to submit another amended complaint, in her name only, specifically alleging how Defendants breached the lease agreement, when the breaches occurred, describing the specific statements within the agreement that support the claim, and describing the injury to Plaintiff. Plaintiff Hansson is reminded once again that all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." FED. R. CIV. P. 10(b).

**Jury Trial Issue**

In the initial complaint, Plaintiffs requested a trial by jury. Doc. 1, p. 5. In Defendants' answer to the complaint, Defendants asserted that the lease agreement between Plaintiff Hannson and Defendants contained a provision waiving "any right to

trial by jury."[3]  Doc. 12, p. 5.  Although Defendants raised that argument, Defendants did not move to strike the demand for a jury trial.

Notwithstanding the argument raised in the answer, the Rule 26 planning report seems to suggest trial by jury: "This case should be ready for trial by January, 2005, and is expected to take approximately 3 days inclusive of jury selection."  Doc. 26, p. 3.  It is, thus, unclear whether Defendants are willing to waive their argument that Plaintiff Hansson is not entitled to a jury trial in light of the Rule 26 report.

Assuming Defendants still contest a jury trial in this case, it is noted that the right to a jury trial in federal courts is determined by federal law in diversity actions. Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1577 (11th Cir. 1990), *citing* Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691(1963); Ford v. Citizens & Southern National Bank Cartersville, 928 F.2d 1118, 1121 (11th Cir. 1991).  Additionally, "[t]he question of whether the right has been waived is likewise governed by federal law."

Although the issue of whether a party may waive his or her right to a jury trial by contract has not been considered by the Eleventh Circuit, other courts of appeal have accepted the validity of contractual jury trial waivers in certain conditions.  *See* R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n, 384 F.3d 157, 164 (4th Cir. 2004) (stating "A party may, of course, waive the jury trial right by signing an agreement to arbitrate or by binding itself to arbitration as a nonsignatory through traditional principles of contract or agency law."); Leasing Service Corp. v. Crane, 804 F.2d 828, 832-33 (4th

---

[3] Section 40 of the lease agreement, provided by both parties, contains the following provision: "To the extent of such waiver [sic] is permitted by law, the parties waive trial by jury in any action or proceeding brought in connection with this lease or the premises." Doc. 12, exhibit, p. 9; doc. 1, p. 15.  Indeed, that provision is clearly labeled in all capital letters as "WAIVER OF JURY TRIAL."  *Id.*

Cir. 1986); KMC Co. v. Irving Trust Co., 757 F.2d 752, 755-56 (6th Cir. 1985); National Equipment Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977).  Those conditions require a contractual agreement waiver of the right to a jury trial be "knowing and voluntary."  Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 381 (6th Cir. 2005), *relying on* Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 668 (6th Cir. 2003) (en banc ).  There is a split of opinion on which party bears the burden of showing the waiver was knowing and voluntary.  *Cf.* National Equipment Rental Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977)(burden on party seeking enforcement of the waiver), Crane, 804 F.2d at 832-33 (same); *but see* K.M.C. Co., 757 F.2d at 758 (burden on party seeking to avoid waiver).[4]  There is no need to resolve this dispute at the present time, however, because it is unknown whether Plaintiff Hannson desires to continue this case by herself and there is no motion to strike the jury demand pending.

**Other Pending Motions**

Defendant Glaus had filed a motion for judgment on the pleading in early March, 2005.  Doc. 68.  Because the parties subsequently stipulated to the dismissal of Defendant Glaus, *see* docs. 79 and 81, and the stipulated dismissal was accepted, doc. 83, that motion, doc. 68, should now be denied as moot.

---

[4] The Middle District of Florida did not resolve the issue, finding that the relevant facts "as articulated by both parties--demonstrate[d] that Plaintiffs did indeed waive their right to a jury trial knowingly, voluntarily, and intelligently."  Allyn v. Western United Life Assur. Co., 347 F.Supp.2d 1246, 1251-52 (M.D. Fla. 2004).  The court stated the factors to be considered in determining whether a "contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently" as "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel."  Allyn, 347 F.Supp.2d at 1252.  That list is not, however, exclusive, and the court considered the issue "in light of all the circumstances."  *Id.*

Finally, Defendants filed an amended motion for a pretrial conference. Doc. 85. Ruling on that motion is deferred to the discretion of District Judge Rodgers after consideration of this report and recommendation.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that all of the supplemental state law tort claims be **DISMISSED** for failure to state a claim, that the complaint be **DISMISSED** as to Plaintiff Charlie Burke, that this case proceed solely on the contract claims of Plaintiff Jenny Hansson, that Plaintiff Hansson be ordered to file an amended complaint consistent with this report and recommendation, and that the motion for judgment on the pleading filed by former Defendant Glaus, doc. 68, be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.