IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**JENNY HANSSON,**
**d/b/a CHERRY PEPPERS,**

    **Plaintiff,**

vs.                                         Case No. 5:03cv182-MCR/WCS

**CHARLES E. COOKE,**
**and G. EDWARD COOKE,**

    **Defendants.**

                                    /


## REPORT AND RECOMMENDATION

Plaintiff Hansson, proceeding *pro se*, filed an amended complaint, doc. 99, which contained a demand for a jury trial for breach of contract. Defendants filed an Answer to the amended complaint, doc. 101, an exhibit to the Answer, doc. 102, and a motion to strike Plaintiff's jury demand. Doc. 103. By court order issued on August 10th, the parties were given until September 2, 2005, to address the issue raised previously, *see* doc. 100 *referencing* doc. 86, as to whether Plaintiff had waived her right to a jury trial through contractual agreement. Doc. 100. In response, Defendants have stated their opposition to Plaintiff's request for a jury trial and have moved to strike the request. Doc. 103. Plaintiff has not responded to either the court order or the motion to strike.

The motion to strike states that the contract upon which this "action is based contains a waiver of jury trial which reads 'to the extent such waiver is permitted by law, the parties waive trial by jury and any action or proceeding brought in connection with this lease or the premises.' "  Doc. 103, p. 1.  The waiver of jury trial is "Section 40" of the lease agreement at issue here.  Doc. 99, p. 8.  Defendants assert the waiver is enforceable and, accordingly, request the demand for a jury trial be stricken.

A party's right to a jury trial is protected by the Seventh Amendment and is a fundamental and cherished right.  LaMarca v. Turner, 995 F.2d 1526, 1544 (11th Cir. 1993), *cert. denied* 510 U.S. 1164 (1994).  A party may waive the right to a jury trial, but such waivers are scrutinized "with the utmost care."  Haynes v. W.C. Caye & Co., Inc., 52 F.3d 928, 930 (11th Cir. 1995), *quoting* Banff, Ltd. v. Colberts, Inc., 996 F.2d 33, 36 (2d Cir.), *cert. denied*, 510 U.S. 1010 (1993).

The right to a jury trial in federal courts is determined by federal law in diversity actions.  Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1577 (11th Cir. 1990), *citing* Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691(1963); Ford v. Citizens & Southern National Bank Cartersville, 928 F.2d 1118, 1121 (11th Cir. 1991).  This is a breach of contract action brought pursuant to this Court's diversity jurisdiction.  28 U.S.C. § 1332; doc. 99, p. 1.  "The question of whether the right has been waived is likewise governed by federal law."  Allyn v. Western United Life Assur. Co., 347 F.Supp.2d 1246, 1251 (M.D. Fla. 2004), *citing* Columbus Mills, Inc., 918 F.2d at 1577.

Although the issue of whether a party may waive his or her right to a jury trial through a contract has not been considered by the Eleventh Circuit, other courts of appeal have accepted the validity of contractual jury trial waivers in certain conditions.

*See* R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n, 384 F.3d 157, 164 (4th Cir. 2004) (stating "A party may, of course, waive the jury trial right by signing an agreement to arbitrate or by binding itself to arbitration as a nonsignatory through traditional principles of contract or agency law."); Leasing Service Corp. v. Crane, 804 F.2d 828, 832-33 (4th Cir. 1986); KMC Co. v. Irving Trust Co., 757 F.2d 752, 755-56 (6th Cir. 1985); National Equipment Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977). Those conditions require a contractual agreement waiver of the right to a jury trial be "knowing and voluntary." Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 381 (6th Cir. 2005), *relying on* Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 668 (6th Cir. 2003) (en banc ). There is split of opinion on which party bears the burden of showing the waiver was knowing and voluntary; *cf.* National Equipment Rental Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977) (burden on party seeking enforcement of the waiver), Crane, 804 F.2d at 832-33 (same); *but see* K.M.C. Co., 757 F.2d at 758 (burden on party seeking to avoid waiver). There is no need to resolve this dispute,[1] however, because Defendants' assertion that Plaintiff was able to negotiate a favorable and generous lease, was on a fairly equal footing with the lessor, and Plaintiff appears to have enough sophistication to be held to the terms of the lease, is not contradicted. Doc. 103. Plaintiff did not file a response to this argument and, therefore, it will be accepted that regardless of which party has the burden, the waiver was valid.

---

[1] The Allyn court did not resolve this dispute either because it found that the relevant facts "as articulated by both parties--demonstrate[d] that Plaintiffs did indeed waive their right to a jury trial knowingly, voluntarily, and intelligently." Allyn, 347 F.Supp.2d at 1251-52.

In addressing the issue of whether a party waived the right to a jury trial in documents used to obtain a loan, the Middle District of Florida considered whether "the waiver was assented to knowingly, voluntarily, and intelligently."  Allyn v. Western United Life Assur. Co., 347 F.Supp.2d at 1251.  The factors to be considered in determining whether a "contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently" are:  "(1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel."  Allyn, 347 F.Supp.2d at 1252.  That list is not, however, exclusive, and the court considered the issue "in light of all the circumstances."  Id.

Here, attached to the original complaint filed in this case, doc. 1, is a copy of the relevant lease documents.  The lease agreement contains sections, set off in a bold and large font.  The pertinent section is number 40, and the heading is set off clearly and simply and states, "waiver of jury trial."  Doc. 1, p. 15, attachment.  It contains a short one sentence statement that "the parties waive trial by jury in any action or proceeding brought in connection with this lease or the premises."  The language is clear, concise, and unambiguous.  It is conspicuous in bold type, it is clearly identified and titled, and is on the same page as the signature line, just two sections from the end of the lease.

It appears that the parties were fully able to negotiate on the lease as a short clause was added just above the signature space, indicating that if the restaurant were sold, landlords would sign a new lease with the new owners at the "going" rate.  Id.  There was also a provision allowing the lease to "be terminated with 2 months notice."

*Id.* Moreover, an addendum to the lease was prepared which supports the conclusion that Plaintiff was fully able to negotiate on the contract and had a sufficient level of sophistication and knowledge such that she was able to obtain clarification on sections of the lease.

Additionally, early proceedings of this case revealed that the original lessor was the mother of Plaintiff's business partner, Charlie Burke, a former Plaintiff in this case. That fact does not suggest that Plaintiff Hansson was at a disadvantage in making this contract or that there was any gross disparity between the parties to the contract.

The documents surrounding the lease agreement and addendum indicate Plaintiff was knowledgeable and intelligent in her business dealings.  Plaintiff was able to negotiate contract terms and obtain beneficial addendums.  The waiver clause was conspicuous, clear, and simple.  In light of these circumstances as a whole, Plaintiff must be held to the agreed upon language of the lease.  It is, accordingly, recommended that Defendants' motion to strike the demand for jury trial, doc. 103, be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to strike the demand for jury trial, doc. 103, be **GRANTED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2005.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Case No. 5:03cv182-MCR/WCS

    **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 5:03cv182-MCR/WCS